UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CR-20014-RAR

UNITED STATES OF AMERICA

vs.

**TRAVIS LAMONT SMITH**,

    Defendant.
_____/

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court upon Defendant's *Pro Se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Compassionate Release Motion"), [ECF No. 405] and Motion to Appoint Federal Public Defender ("Appointment Motion"), [ECF No. 406], (collectively "Motions"). The Court having carefully reviewed the Motions, the United States' Response in Opposition ("Response"), [ECF No. 407]; Defendant's Replies in Support, [ECF Nos. 410–411],[1] the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motions, [ECF Nos. 405–406], are **DENIED** as set forth herein.

### BACKGROUND

On January 9, 2014, a federal grand jury returned an indictment charging Travis Lamont Smith with one count of conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. §846 (Count 1); and three counts of possession with intent to distribute a controlled substance in violation of Title 21, U.S.C. § 841(a)(1) (Counts 4–6). *See* Indictment, [ECF No. 17]. As to Count 1, the Indictment also alleged that "[p]ursuant to Title 21, United

---

[1] The Court notes that Defendant's Reply was filed twice as two separate docket entries nine days apart. *See* [ECF Nos. 410–411]. The Replies are identical and thus concurrently considered.

States Code, Section 841(b)(l)(C) . . . this violation involved a mixture and substance containing a detectable amount of heroin . . . [and] a mixture and substance containing a detectable amount of cocaine base, commonly referred to as 'crack cocaine.'"[2]  *See* Indict. at 2.  On May 6, 2014, Defendant pleaded guilty to Count 1 of the Indictment, and the Government agreed to seek dismissal of Counts 4–6 after sentencing.  [ECF No. 168] at 1.  The Court accepted Defendant's guilty plea on the same day.  *See* [ECF No. 167].  As part of his plea agreement, Defendant also executed a Factual Proffer admitting his involvement in a drug distribution conspiracy operating out of Overtown, Florida.  *See generally* [ECF No. 168-1].

Prior to sentencing, Defendant's Final Revised Presentence Investigation Report ("Revised PSR"), [ECF No. 216], assigned Defendant an adjusted offense level of 29.  Revised PSR ¶ 46.  As to his criminal history, Defendant was assigned 15 criminal history points and designated a career offender pursuant to U.S.S.G. § 4B1.1. as a result of three prior controlled substance convictions, yielding a criminal history category of IV.  *See* Revised PSR ¶ 71.  Defendant's advisory guideline range was accordingly 151–188 months' imprisonment.  Revised PSR ¶ 108.  Defendant objected to his designation as a career offender, arguing the three predicate offenses were not qualifying for purposes of a career offender designation.  *See* [ECF No. 213] at 1–2.

At sentencing, the Court agreed with the Revised PSR's guidelines range calculation and overruled Defendant's objections, concluding his three predicate controlled substance offenses were both qualifying and unrelated, and thus Defendant was properly designated as a career offender.  *See* [ECF No. 232] at 4:24-5:4.  The Court accordingly sentenced Defendant to a high-end guidelines sentence of 188 months' imprisonment followed by a three-year term of supervised release.  [ECF No. 222].  The Sentencing Court exercised its discretion to order Defendant's

---

[2] This offense carries a statutory maximum sentence of 20 years.  *See* 21 U.S.C. § 841(b)(l)(C).

sentence to run concurrently with a separate 180-month mandatory minimum sentence Defendant had already received, also in this District, stemming from a separate federal conviction for violating l8 U.S.C. § 922(g)(1) pursuant to which Defendant also qualified for the Armed Career Criminal Act ("ACCA") enhancement under l8 U.S.C. § 924(e)(1).[3] *See id.*

Defendant filed a direct appeal challenging his classification as a career offender and argued his sentence was procedurally and substantively unreasonable. *See* [ECF Nos. 223]. The Eleventh Circuit affirmed the Sentencing Court's findings that Defendant had the necessary predicate convictions to qualify as a career offender under the Sentencing Guidelines. *See* [ECF 297]. On March 13, 2019, Defendant filed a motion to reduce his sentence under the First Step Act, [ECF No. 325]. That motion was denied on May 7, 2019. [ECF No. 332]. He then filed a motion for reconsideration, [ECF No. 333], which was denied on August 16, 2019, [ECF No. 337].

In January 2024, Defendant filed the instant Motions, in which he now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)'s so-called compassionate release provision and asks the Court to appoint a Federal Public Defender to assist him with this petition. [ECF Nos. 405–406].

## **LEGAL STANDARD**

Generally, "[a] 'court may not modify a term of imprisonment once it has been imposed except' in certain circumstances established by statute or rule." *United States v. Handlon*, No. 22-13699, at 4 (11th Cir. Apr. 3, 2024) (quoting 18 U.S.C. § 3582(c)); *see also United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). Title 18, Section 3582(c)(1)(A) of the United States Code—commonly referred to as the "compassionate release" provision—is one such statutory exception to the general rule. *See Handlon*, No. 22-13699, at 4 (citing *Giron*, 15 F.4th at 1345). This statutory

---

[3] *See* Case No. 13-CR-20314-Graham.

provision authorizes courts to reduce a defendant's term of imprisonment for "extraordinary and compelling reasons." *Id.*; s*ee also* 18 U.S.C. § 3582(c)(1)(A)(i).[4]

In 2018, Congress passed the First Step Act ("FSA"),[5] Section 604 of which expanded "who [could] file a Section 3582(c)(1)(A) motion" to allow for defendant-filed motions, where previously, only the Bureau of Prisons ("BOP") could file them. *See United States v. Bryant*, 996 F.3d 1243, 1258–59 (11th Cir. 2021). However, Congress "chose not to lift its stricture that courts must follow the [United States Sentencing] Commission's applicable policy statements when ruling on [§ 3582(c)(1)(A) compassionate release] motions." *Bryant*, 996 F.3d at 1259. Thus, as modified by the FSA, Section 3582(c)(1)(A) now provides:

> [T]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction *is consistent with* applicable *policy statements* issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

With respect to the applicable policy statements referenced in Section 3582(c)(1)(A), 28 U.S.C. § 994(t) commands that "[t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including

---

[4] Section 3582(c)(1)(A)(ii) alternatively allows for a sentence reduction where "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Here, because Defendant is not 70 years of age and has not served 30 years in prison, subsection (ii) is inapplicable.

[5] First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194. The First Step Act was enacted on December 21, 2018.

the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." And as the Eleventh Circuit has noted, "the Commission did [so in promulgating Section] 1B1.13, which is entitled 'Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A).'" *Bryant*, 996 F.3d at 1247. Thus, the Section 1B1.13 Policy Statement governs courts' consideration of compassionate release motions filed under Section 3582(c)(1)(A). *See id.*

Notably, in April 2023, the Sentencing Commission passed Amendment 814—effective November 1, 2023—which implemented a series of long-awaited updates to the Section 1B1.13 Policy Statement,[6] including (1) moving the list of circumstances that qualify as "extraordinary

---

[6] By way of background, the Court notes that for several years after the passage of the FSA, the Sentencing Commission lacked the requisite quorum to update Section 1B1.13 in accordance with the FSA's changes to the compassionate release provision codified at Section 3582(c)(1)(A). Thus, "before November 1, 2023, the Sentencing Commission's only guidance on this point had been promulgated prior to the enactment of the First Step Act." *United States v. Padilla*, No. 16 CR. 317-04 (PAE), 2024 WL 749566, at *3 (S.D.N.Y. Feb. 23, 2024). But after Congress changed the statute to allow defendants to file motions in addition to the BOP, a circuit split emerged concerning whether Section 1B1.13 constituted an "applicable policy statement" for defendant-filed motions, since the policy statement, quoting the pre-existing statute's language, began with the phrase "[u]pon motion of the Director of the Bureau of Prisons." *Bryant*, 996 F.3d at 1247. As a result, some circuits determined that Section 1B1.13 was not an "applicable policy statement" binding judicial discretion as to defendant-filed motions, effectively affording courts in these circuits great discretion, under Application Note 1(D), concerning whether to grant or deny compassionate release motions. *Id.* at 1248. Other circuits, including the Eleventh Circuit, continued to consider Section 1B1.13 an applicable policy statement for all Section 3582(c)(1)(A) motions, notwithstanding the former version of Section 1B1.13's prefatory phrase "[u]pon motion of the Director of the Bureau of Prisons." *Id.* (holding, "[i]n short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Accordingly, prior to November 1, 2023, the law in the Eleventh Circuit was that Section 1B1.13 Application Note 1(D) did not grant courts discretion to develop their own "other reasons" that might justify a reduction in a defendant's sentence beyond those articulated by the BOP. *See id.* However, in light of Amendment 814's recent changes to Section 1B1.13, this circuit split now appears to be moot, since the new Section 1B1.13 moves the circumstances constituting extraordinary and compelling reasons from the commentary into the text of the Section 1B1.13 Policy Statement itself; brings the language of Section 1B1.13 in line with the FSA; and removes the ambiguity from the previous version of Section 1B1.13. *See United States v. Prada*, No. 22-13059, slip op. at 6–7 (11th Cir. Mar. 27, 2024) (per curiam) (stating "[t]he Sentencing Commission amended § 1B1.13 to clarify that it is applicable to motions by defendants and move[d] the definition of 'extraordinary and compelling reasons' to the text of the Guidelines."); *see also Handlon*, No. 22-13699, at 8–9 (explaining that "[t]he 2023 amendment to § 1B1.13 altered the text of the guideline itself to allow for compassionate release in [] new circumstance[s]."). Accordingly, Section 1B1.13 now controls courts' evaluation of all compassionate

and compelling" from the Application Notes in Section 1B1.13's Commentary to a standalone subsection placed within the main body of the Section 1B1.13 Policy Statement; (2) expanding the list of "extraordinary and compelling reasons," which *inter alia*, (a) retitled the "Medical Circumstances" category and added various additional subcategories; (b) significantly expanded the "Family Circumstances" category by adding additional subcategories; (c) added a new "Victim of Abuse" category; (d) significantly expanded the "Other Reasons" category to preserve judicial discretion to decide compassionate release motions, whether BOP or defendant filed, provided that such other circumstances, "when considered by themselves or together with any of the reasons" listed in Section 1B1.13 "are similar in gravity"; and (e) added an "Unusually Long Sentences" category, which permits courts to consider non-retroactive changes in law under a specific set of circumstances.  *Compare* U.S.S.G. § 1B1.13 (Nov. 2023)[7] *with* U.S.S.G. § 1B1.13 (Nov. 2018); *see also Prada*, No. 22-13059, at 6–7.  Thus, as modified, the new Section 1B1.13 identifies the following six circumstances, when considered individually or in combination, that permit the court to reduce a term of imprisonment under Section 3582(c)(1)(A): (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant; (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence.  U.S.S.G. § 1B1.13(b)(1)–(6) (Nov. 2023); *see also Prada*, No. 22-13059, at 6–7.  And before granting such motions, Section 1B1.13 also requires courts to determine that "[t]he defendant is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(a)(2) (Nov. 2023); *see also Handlon*, No. 22-13699, at 4–5.

---

release petitions, whether BOP or defendant initiated, and expands the list of extraordinary and compelling reasons courts may consider in evaluating them.

[7] U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28, 254 (effective Nov. 1, 2023).

But even if one or some combination of the extraordinary and compelling reasons listed above is present, the Court must still determine that a sentence reduction remains consistent with "the factors set forth in section 3553(a) to the extent that they are applicable" before a sentence reduction is proper. *See Handlon*, No. 22-13699, at 5; *see also* 18 U.S.C. § 3582(c)(1)(A). Thus, under Section 3582(c)(1)(A)(i), the district court may reduce a movant's term of imprisonment if: (1) there are "extraordinary and compelling reasons" for doing so, (2) the factors listed in Section 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in Section 1B1.13. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021); *see also Handlon*, No. 22-13699, at 5. If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *See Giron*, 15 F.4th at 1347–48; *Tinker*, 14 F.4th at 1237–38 (explaining that "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order.").

Finally, for defendant-filed motions brought under Section 3582(c)(1)(A), the defendant must first meet the statute's administrative exhaustion requirement. *Handlon*, No. 22-13699, at 4; *see also* 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Colonna*, 535 F. Supp. 3d 1291, 1297 (S.D. Fla. 2021) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)); *see also United States v. Heromin*, No. 11-55033, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (assigning defendant burden of proof after the implementation of the First Step Act).

## **ANALYSIS**

Considered together, Defendant's Motions seek two forms of relief: **(1)** a request for compassionate release under Section 3582(c)(1)(A)(i); and **(2)** a request for court-appointed counsel to assist with Defendant's Compassionate Release Motion. But as explained below, the Court finds that Defendant has failed to identify any viable extraordinary and compelling reasons

warranting compassionate release, and the Court need not analyze the Section 3553(a) factors. Accordingly, the Court declines to exercise its discretion to appoint counsel.

## I. Defendant Has Failed to Demonstrate Extraordinary and Compelling Reasons

Turning first to Defendant's Compassionate Release Motion, the Government does not argue that Defendant failed to exhaust his administrative remedies before filing this Motion, so the Court may proceed directly to evaluate it on the merits. And on the merits, Defendant fails to establish extraordinary and compelling reasons warranting a sentence reduction as required by Section 3582(c)(1)(A)(i). The Court discerns six specific reasons Defendant adduces in arguing his circumstances are sufficiently extraordinary and compelling to warrant a sentence reduction, including: (1) the change in law effectuated by *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023), which Defendant claims would remove his career offender designation were he sentenced today; (2) that his sentence is "unusually long"; (3) that his criminal history points were miscalculated; (4) the harsh prison conditions at FCI Jesup; (5) his family obligations; and (6) his alleged rehabilitation during his incarceration. *See* Comp. Rel. Mot. at 1–7.

As a preliminary matter, the Court notes that, rather than focusing on the merits of Defendant's Motion, the Government expends nearly half of its Response arguing that the new "Unusually Long Sentence" category, U.S.S.G. § 1B1.13(b)(6), represents an impermissible expansion of the "extraordinary and compelling" rationale for granting a sentence reduction under Section 3582(c)(1)(A). However, because Defendant has otherwise failed to demonstrate extraordinary and compelling reasons warranting a sentence reduction, the Court need not address the Government's argument on this point in any detail.[8] Instead, the Court focuses on Defendant's

---

[8] The Court is nonetheless skeptical of the Government's argument on this point. Specifically, the Government fails to provide any authority establishing why exactly the Sentencing Commission's narrowly circumscribed exception for an unusually long sentence contravenes the plain meaning of the phrase "extraordinary and compelling" as it appears in Section 3582(c)(1)(A)(i). Indeed, as the Government's

proffered grounds, construing reasons (1)–(3) as proposing extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(6)'s "Unusually Long Sentence" category and reasons (4)–(6) as proposing extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(5)'s "Other Reasons" catch-all.  The Court addresses each in turn.

### A.  Defendant Does Not Qualify Under U.S.S.G. § 1B1.13(b)(6)

Defendant first argues that he qualifies for Section 1B1.13(b)(6)'s Unusually Long Sentence provision because, according to Defendant, *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) effectuated a change in law under which Defendant would no longer qualify as a career offender pursuant to U.S.S.G. § 4B1.1 were he sentenced today.  *See* Comp. Rel. Mot. at 1–3.  He also claims that his criminal history points were miscalculated.  *See id.*  But as explained below, because Defendant would still qualify as a career offender under the Sentencing Guidelines were he sentenced today, there has been no qualifying change in law.  Accordingly, Defendant does not meet Section 1B1.13(b)(6)'s requirements, and the Court cannot reduce his sentence upon this basis.

---

Response notes, the Supreme Court has explained that "[b]road as" the Commission's "discretion may be," it "must bow to the specific directives of Congress."  *United States v. LaBonte*, 520 U.S. 751, 753 (1997).  And via 28 U.S.C. § 994(t), Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons."  The Commission appears to have done just that in U.S.S.G. § 1B1.13(b)(6), which, contrary to the Government's characterization, appears to represent a reasonable and narrowly circumscribed "extraordinary and compelling" additional basis for courts to grant a sentence reduction.  Specifically, Section 1B1.13(b)(6) places several additional restrictions on this category before a defendant can qualify, including: (1) requiring a defendant to have already served 10 years of the sentence for which reduction is sought; (2) requiring that any qualifying change in law would produce a gross disparity between the sentence being served and a sentence likely to be imposed at the time the motion is filed; and (3) further requiring courts to consider the defendant's individualized circumstances.  *See* U.S.S.G. § 1B1.13(b)(6) (Nov. 2023).  Finally, the Court notes that Amendment 814 was passed in April 2023, and its effective date was deliberately delayed by six months to give Congress a window to act in the event it objected to Amendment 814's changes to U.S.S.G. § 1B1.13.  If the Commission exceeded its authority as the Government argues, one would fairly expect Congress to have taken corrective action within this six-month window.  Congress did not do so.

Section 1B1.13(b)(6)–(c) governs Defendant's argument on this point:

> (b)(6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.
>
> (c) LIMITATION ON CHANGES IN LAW.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(b)(6), (c) (Nov. 2023). And U.S.S.G. § 4B1.1, which defines "Career Offender" for the purposes of the Sentencing Guidelines, states that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or *a controlled substance offense*; and (3) the defendant has at least two prior felony convictions of either a crime of violence or *a controlled substance offense*." U.S.S.G. § 4B1.1(a) (2023) (emphasis added). Finally, U.S.S.G. § 4B1.2, which further defines and clarifies the terms used in Section 4B1.1, states "[t]he terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense." U.S.S.G. § 4B1.2(d) (2023).

Turning to Defendant's change-in-law argument, Defendant is indeed correct that the Eleventh Circuit held in *Dupree* that that the definition of "controlled substance offense" in the old Section 4B1.2 did not include inchoate offenses such as conspiracy and attempt. *See Dupree*, 57 F.4th at 1279–80. However, as the Government rightly points out, in the wake of *Dupree*, the Sentencing Commission amended Section 4B1.2 to explicitly provide that inchoate controlled substances offenses are indeed qualifying offenses for purposes of the "Career Offender" designation under the Sentencing Guidelines. *Compare* U.S.S.G. § 4B1.2 (2023) *with* U.S.S.G. § 4B1.2 (2018). Accordingly, there has been no intervening change in law that would alter Defendant's status as a career offender were he sentenced today. And because Defendant has not shown a triggering change in law, the Court cannot grant relief based upon Section 1B1.13(b)(6).[9]

Defendant also argues that his criminal history points were miscalculated, *see* Comp. Rel. Mot. at 1–4, an argument Defendant first raised in the appeal of his original sentence, and one which the Eleventh Circuit has already rejected. *See* [ECF Nos. 223, 297]. Accordingly, Defendant remains a career offender, and his criminal history category remains unchanged.

### B. Defendant Does Not Qualify Under U.S.S.G. § 1B1.13(b)(5)

The Court construes Defendant's remaining reasons for a sentence reduction, namely, the harsh prison conditions at FCI Jesup; his family obligations; and his alleged rehabilitation during his incarceration, *see* Comp. Rel. Mot. at 1–7, as additional proposed extraordinary and compelling circumstances warranting a sentence reduction under Section 1B1.13(b)(5)'s "Other Reasons"

---

[9] To the extent Defendant maintains his sentence was unusually long, the Court notes that the statutory maximum for the instant offense is twenty years. *See* 21 U.S.C. § 841(b)(l)(C); 21 U.S.C. § 846. Here, Defendant received a within-guidelines sentence of 188 months' imprisonment. Further, the Sentencing Court exercised its discretion under 18 U.S.C. § 3584 and ordered Defendant's conviction on the 21 U.S.C. § 846 charge to run concurrently with Defendant's separate 180-month mandatory minimum sentence for his ACCA-enhanced 18 U.S.C. § 922(g)(1) conviction in Case No. 13-20314-CR-Graham. *See* [ECF No. 222]. Accordingly, the Court cannot conclude that the Defendant's sentence was either unusually long or grossly disparate when compared with similarly situated defendants.

catch-all. Unfortunately, because none of the reasons Defendant offers "are similar in gravity" to the reasons articulated in U.S.S.G. 1B1.13(b)(1)–(4), the Court cannot grant a sentence reduction upon these bases.

As explained above, prior to November 1, 2023, courts in this Circuit did not have discretion to develop their own reasons under the former Section 1B1.13's Application Note 1(D) catch-all. *Compare* U.S.S.G. § 1B1.13 (Nov. 2023) *with* U.S.S.G. § 1B1.13 (Nov. 2018); *see also Bryant*, 996 F.3d at 1248. However, Amendment 814 moved the circumstances constituting extraordinary and compelling reasons from the Commentary into the text of the Section 1B1.13 Policy Statement itself and accordingly resolved the ambiguity suffusing the previous version of Section 1B1.13. *See* U.S.S.G. § 1B1.13(b) (Nov. 2023); *see also Prada*, No. 22-13059, at 6–7 (stating "[t]he Sentencing Commission amended § 1B1.13 to clarify that it is applicable to motions by defendants and move[d] the definition of 'extraordinary and compelling reasons' to the text of the Guidelines."); *see also Handlon*, No. 22-13699, at 8–9 (explaining that "[t]he 2023 amendment to § 1B1.13 altered the text of the guideline itself to allow for compassionate release in [] new circumstance[s]."). Accordingly, it now appears that Section 1B1.13(b)(5)'s "Other Reasons" category is a true catch-all that unambiguously gives courts discretion to consider a broader range of extraordinary and compelling circumstances than before.

Nonetheless, Section 1B1.13(b)(5) cabins, to some extent, courts' exercise of that discretion. Specifically, to qualify under the new catch-all, Section 1B1.13(b)(5) requires that any proffered circumstances "when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), [be] *similar in gravity* to those described in paragraphs (1) through (4)." (emphasis added). And paragraphs (1)–(4) include the following reasons: (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of

the Defendant; and (4) Victim of Abuse. *See* U.S.S.G. § 1B1.13(b)(1)–(4) (Nov. 2023).  Each of these bases also includes specific qualifying criteria.  *See generally id.*

Further, as to the relevance of a defendant's rehabilitation while incarcerated, the revised Section 1B1.13 now states, "[p]ursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.  However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."  U.S.S.G. § 1B1.13(d) (Nov. 2023).  Critically, Amendment 814's key change to the Section 1B1.13 rehabilitation provision is the addition of a new clause that now explicitly allows courts to consider a defendant's rehabilitation while serving a sentence in determining whether and to what extent a sentence reduction is warranted, so long as rehabilitation is considered in combination with "other circumstances."  *Compare* U.S.S.G. § 1B1.13(d) (Nov. 2023) *with* U.S.S.G. § 1B1.13 cmt. n.3 (Nov. 2018).

Turning to Defendant's remaining proffered reasons for a sentence reduction, the Court finds that none is "similar in gravity" to the reasons articulated in U.S.S.G. 1B1.13(b)(1)–(4) such that a sentence reduction is warranted.  As to the harsh prison conditions Defendant claims he is experiencing, including those related to the COVID-19 pandemic, Defendant has not demonstrated how the challenges he faces at FCI Jesup are extraordinary and compelling such that they are "similar in gravity" to the extraordinary and compelling bases for a sentence reduction articulated in Section 1B1.13(b)(1)–(4). Though it cannot be denied that the pandemic has disproportionately burdened incarcerated individuals, Defendant has not demonstrated that he has borne this burden in a manner that differentiates him from other inmates at FCI Jesup or those housed at other federal correctional facilities around the country.  Indeed, other federal courts responding to similar arguments have roundly rejected them. *See*, *e.g.*, *United States v. Ruano*, No. 19-20026, 2023 WL

7109729, at *5 (S.D. Fla. Oct. 28, 2023) (finding generalized hardships and health risks associated with the COVID-19 pandemic are insufficient to rise to the level of extraordinary and compelling medical circumstances under § 1B1.13); *United States v. Pittman*, No. 19-60261, 2023 WL 3930723, at *3 (S.D. Fla. June 9, 2023) ("Defendant has advanced no medical records nor evidence demonstrating that he has a terminal illness or urgent medical condition warranting compassionate release [and] wholly fails to articulate a specific medical condition that he suffers from, nor does he allege any particular vulnerabilities that make him particularly susceptible to suffering a severe outcome if infected with COVID-19."). While it is true that, under certain circumstances, an individual suffering from complications associated with contracting COVID-19 might have a colorable argument under Section 1B1.13(b)(1)'s "Medical Circumstances of the Defendant" category, Defendant has offered no argument and adduced no evidence that he qualifies as such an individual. Accordingly, Defendant has not demonstrated that the generalized challenges of his incarceration, including those related to the COVID-19 pandemic, warrant a sentence reduction under applicable law.

The same is true with respect to Defendant's argument related to his desire to return to his family. The Court appreciates Defendant's apparent changed mindset and his professed, admirable commitment to reuniting with family and reintegrating into society. But unfortunately, Section 1B1.13(b)(3)'s "Family Circumstances of the Defendant" category confines sentence reductions upon this basis to several expressly articulated scenarios involving the death, incapacitation, or similar inability of the only available caregiver(s) to provide care for specifically enumerated family members. *See* U.S.S.G. § 1B1.13(b)(3)(A)–(D) (2023); *see also Handlon*, No. 22-13699, at 8–9. Again, Defendant has not established the death, incapacitation, or similar unavailability of qualifying caregiver(s), nor has he identified any specific reasons that are "similar in gravity" to the death, incapacitation, or similar inability of any such caregiver(s) to provide care for

qualifying family members. Accordingly, the Court cannot grant a sentence reduction upon this basis.

Finally, Defendant cites his alleged rehabilitation while incarcerated as an additional extraordinary and compelling reason warranting a sentence reduction. Comp. Rel. Mot. at 1, 4. While the Court is encouraged by Defendant's rehabilitation, the revised Section 1B1.13 explicitly provides that "[p]ursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d) (Nov. 2023). Because Defendant has not proffered any other viable "extraordinary and compelling reasons" as defined in Section 1B1.13(b) in support of his petition for a sentence reduction, the Court is unable to grant a sentence reduction based solely upon Defendant's alleged rehabilitation. Accordingly, Defendant's request for a sentence reduction upon this basis also fails.

## II. The Court Need Not Analyze the § 3553(a) Factors Here

Because Defendant has not cleared the Section 3582(c)(1)(A)(i) threshold for "extraordinary and compelling reasons" to reduce his sentence, the Court need not analyze the Section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A). Only when eligibility for compassionate release is established does a court have to determine whether "the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Bryant*, 996 F.3d at 1251 (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *Giron*, 15 F.4th at 1347–48. Accordingly, the Court need not address the Section 3553(a) factors here.

### III. The Court Declines to Exercise its Discretion to Appoint Counsel

Defendant has also filed a separate Motion, [ECF No. 406], asking the Court to appoint counsel to assist with his Section 3582(c)(1)(A) Motion. But in light of the Court's foregoing analysis, which confirms that Defendant's various theories for a sentence reduction are not meritorious, Defendant's request for assistance of counsel must also be denied.

The Eleventh Circuit has held that there is no right to the appointment of counsel in Section 3582(c)(1)(A) proceedings, and that such decisions are "left to the discretion of the district court." *United States v. Rolon*, No. 22-10970, 2022 WL 16959204, at *1 (11th Cir. Nov. 16, 2022) (quoting *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009) (holding there is no constitutional or statutory right to counsel in Section 3582(c)(2) proceedings)). And, as the *Rolon* Court also noted, "*pro se* status alone and lack of legal knowledge does not establish that appointment of counsel is necessary. Rather, appointment of counsel in this context is 'a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues so novel or complex as to require the assistance of a trained practitioner.'" *Id.* (cleaned up) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). Because there are no such exceptional circumstances here, and the Court cannot discern any *bona fide* extraordinary and compelling circumstances warranting a sentence reduction, the Court declines to exercise its discretion to appoint counsel.

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motions, [ECF Nos. 405, 406], are **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 8th day of April, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**